

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:GMP
F.#2009R01126

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

December 20, 2010

<u>By Hand Delivery & ECF</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  <u>United States v. Frank DeRosa</u>
            <u>Criminal Docket No. 09-672 (S-1)(NGG)</u>

Dear Judge Garaufis:

       The government respectfully submits this letter in advance of the sentencing in the above-referenced case, currently scheduled for December 20, 2010.  On June 21, 2010, the defendant pleaded guilty pursuant to a plea agreement to Count Twenty-Six of a thirty-eight count superseding indictment.  Count Twenty-Six of the superseding indictment charges that between May 1, 2006 and November 17, 2008, the defendant conspired to participate in the use of extortionate means to collect an extension of credit from John Doe #1, in violation of Title 18, United States Code, Section 894(a)(1).

       The Probation Department has determined that the defendant's adjusted offense level is 17 and his Criminal History Category is I, resulting in an advisory Sentencing Guidelines Range of 24 to 30 months of incarceration.  (PSR ¶ 74).  In addition, the government has agreed that the defendant should receive a one-point "global" adjustment pursuant to U.S.S.G. § 5K2.0 and paragraph 2 of the plea agreement.  Accordingly, the government respectfully submits that the appropriate adjusted offense level is 16, which carries a Sentencing Guidelines range of 21 to 27 months of imprisonment.  Notably, the defendant stipulated to this Guidelines calculation as a part of his plea agreement, and has agreed not to advocate for a sentence below 21 months of imprisonment.  <u>See</u> Plea Agreement ¶ 2.

       The defendant is an associate of the Bonanno crime family, who has pled guilty to committing the serious crime of extortionate collection of credit conspiracy, a crime of violence.  As described in the PSR, the defendant's step-father, Sebastian DeRosa, lent $10,000 to John Doe #1 at exorbitant rates of interest.  The defendant was directly involved in collecting

payments from John Doe #1.  (PSR ¶ 25).  The defendant further relied upon Anthony Sclafani, a high-ranking member of the Bonanno crime family, to collect the payments from John Doe #1. (Id.).  After some time, John Doe #1 was unable to continue to make the weekly payments due on the loan.  (PSR ¶ 19).  As a result, Sclafani began threatening John Doe #1 with physical harm.  (Id.).  Given the serious nature of the underlying offense and the fact that the defendant sought monetary gain as the result of these threats, the history and characteristics of the offense weigh in favor of a sentence within the advisory guideline range for the purposes of punishment and promoting general and specific deterrence.  See 18 U.S.C. § 3553(a)(1), (a)(2)(A) & (a)(2)(B).

  Given the nature of the extortion conspiracy and the threats endured by John Doe #1, as well as the fact that the defendant directly participated in the use of extortionate means to collect the loan, a sentence of incarceration is appropriate. In fact, a lesser sentence would promote disrespect for the law. See, e.g., United States v. Cutler, 520 F.3d 136, 154 (2d Cir. 2008) (concluding that the district court made errors in certain "Guidelines applications and in its departure decisions; that the sentences imposed did not properly interpret certain of the sentencing factors that the court was required to consider under 18 U.S.C. § 3553(a), such as just 'punishment' and deterrence of others; and that some of the court's rationales would promote disrespect for the law").  Thus, a sentence of probation is not appropriate, and the defendant should be sentenced within the applicable advisory Guidelines range of 21 to 27 months.

## Conclusion

  For the foregoing reasons, the government respectfully

submits that the Court should impose a sentence within the advisory Guidelines range of 21 to 27 months.

```
                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney


                         By:       /s/
                              Nicole M. Argentieri
                              Stephen E. Frank
                              Gina M. Parlovecchio
                              Assistant U.S. Attorneys
                              (718) 254-6228
```

cc: David Levine, Esq. (By ECF)
    Clerk of Court (NGG) (By ECF)